## ROGERS vs. JAMES.

1. PURCHASE MONEY FOR LAND. *When Security for passes to Assignee.* VENDOR'S LIEN *not assignable.*

Where a vendor of land retains the title as security for the purchase money, and afterwards assigns the land note, the security for its payment passes to the assignee as an incident to the debt. But where the land is conveyed by an absolute deed, reciting the payment of the purchase money, the vendor has no security for its payment but a vendor's lien in equity, which is not assignable either by an *assignment* of the *note* or by *express transfer or assignment* of the *lien*.

2. VENDOR'S LIEN.  *When note reassigned by Assignee to Vendor, he may enforce the lien.*

  When an assigned note for the purchase money for land, is reassigned to the vendor, or when the vendor takes up the note upon the failure of the vendor to pay it, the debt and lien become reunited in him, and he can enforce the lien in equity.

3. MORTGAGE.

  A note for the purchase money of land, the title to which is retained by the vendor as security for its payment, reciting that the land " is to stand as collateral security for its payment," is not a mortgage nor in the nature of one.

4. ASSIGNOR AND ASSIGNEE.  *When Assignor Liable.  Pleading.*

  When the complaint of an assignee against an assignor does not allege that the note was duly presented to the maker for payment, that payment was refused and that the assignor had due notice thereof, it shows no cause of action.

APPEAL from *Dallas* Circuit Court in Chancery.

Hon. T. F. SORRELLS, Circuit Judge.

*Compton,* for appellant.

*Duffee & Hill, Contra.*

ENGLISH, C. J. :

This was a bill to enforce a vendor's lien, filed on the Chancery side of the Circuit Court of Dallas County, by James J. Rogers, against Jefferson James, and by an amended bill, William P. Rogers was also made defendant.

A demurrer to the bill as amended, filed by the defendant James, was sustained by the Court, and the plaintiff, James J. Rogers, appealed to this Court.

The material facts alleged by the amended bill, are as follows:

On the 24th day of October, 1873, William P. Rogers sold to Jefferson James, the *South-West Quarter* of the *South-East Quarter,* and the *South-East Quarter* of the *South-West Quarter* of Section 21, Township 10, South Range 17 West, containing eighty acres and situated in Dallas County, for $400, of which James paid him $100 in cash, and gave him the following obligation for the balance :

" By or before the first of ————, one thousand eight hundred and seventy-five, I promise to pay W. P. Rogers, or bearer, the sum of $300.00, with ten per cent. interest from date until paid, for and in consideration of a certain tract or parcel of land, to-wit: the South-East quarter, the North-East quarter, North-West quarter, South-West quarter of Section 21, Township ten, (10), seventeen West, for which said land is to stand collateral security for the same.

" October 24th, 1873.

" JEFFERSON JAMES, [SEAL.] "

That by the contract of sale, the note for the unpaid purchase money was to be payable on the first of January, 1875, but by inadvertence, the month of its maturity was omitted in the note, in which also, the land was misdescribed by mistake.

That on the first of January, 1874, W. P. Rogers, the vendor, executed to James, at his request, a deed for the land, which was written by James, and which was absolute on its face, reciting the payment of the purchase money, but upon the understanding that the land was to be still bound for the payment of the note.

That on the 6th of February, 1874, William P. Rogers, being indebted to the plaintiff, James P. Rogers, for the purpose of paying and satisfying said indebtedness, assigned to him the note by the following endorsement thereon:

" I do assign over all my right and interest to the within note to James J. Rogers, for value received of him this 6th . day of February, 1874.

" W. P. ROGERS."

The bill alleged that the note had not been paid, and prayed a decree against both defendants for the amount of the note, that the vendor's lien (which plaintiff insisted had been transferred to him by the assignment of the note) be enforced,

and the land condemned and sold for the satisfaction of the decree, etc.

When William P. Rogers sold the land to appellee, and took his note for the purchase money, he retained the title to the land as security for the debt, and had he then assigned the note to appellant, the security would have followed as an incident to the debt. See cases cited and reviewed in *Campbell* v. *Rankin, et al.*, 28 Ark., 407.

But before the assignment of the note to appellant, William P. Rogers conveyed the land by absolute deed, reciting the payment of the purchase money to appellee, after which he had no security for the payment of the note, but a vendor's lien in equity. The note was not a mortgage upon the land, nor in the nature of a mortgage.

It was decided by this Court upon full review of authorities, in *Shall, ad'mr.* v. *Biscoe, et al.*, 18 Ark., 142, that the vendor's equitable lien is personal, and does not pass to an assignee by assignment of a note for purchase money, and this case has been repeatedly approved and followed.

In *Hecht* v. *Spean, adm'r.*, 27 Ark., 229, the vendor in an assignment of a note for purchase money, expressly attempted to transfer his equitable lien upon the lands, describing them, to the assignee, but this court held that the lien could not be so transferred.

Had the note been re-assigned to William P. Rogers, or had he taken it up on failure of appellee to pay it, the debt and lien would have been re-united in him, and he could have maintained a bill to enforce the lien. *Bernays* v. *Field*, 29 Ark., 218 ; *Turner, use, etc.* v. *Hornor, adm'r.*, Ib. 440. But such is not the case made by the bill.

There are no allegations in the bill to charge William P. Rogers, who was made defendant. It is not alleged that the

note was duly presented to the maker for payment, that payment was refused, and that he had due notice thereof. *Adams, adm'r.* v. *Boyd*, MS.

Decree affirmed.