WAPLES-PAINTER CO. VS BANK OF COMMERCE.

Opinion rendered November 24, 1906.

(97 S. W. Rep. 1025).

1. *Trial—Erroneous Instruction Cured by Correct One.* .

In an action upon a promissory note against the indorser thereon an instruction to the jury that the only question was as to whether the defendant was notified of the non-payment of the note is cured by an instruction that it was necessary that the note be presented to the maker for payment on date of maturity.

2. *Promissory Notes—Liability of Indorser—Necessity of Protest.*

Under Art. 464 Carter's St. 1899 formal protest of a note is not necessary

and an indorser thereon is liable on non-payment by the maker after due demand on him and proper notice thereof to said indorser.

3. *Error in Instruction, When Cured by Verdict.*

A verdict for the face of the note and 10 per cent interest from date of said note cures an instruction that if the jury find for plaintiff, it should be for the amount of the note and interest and whatever it provides for.

Appeal from the United States Court for the Southern. District of the Indian Territory; before Justice Hosea Townsend, March 28, 1902.

Action by the Bank of Commerce against the Waples-Painter Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Blanton & Andrews,* for appellant.

*R. T. Jones,* for appellee.

LAWRENCE, J.   July 17, 1900, one Jesse Reaves made to the appellant his promissory note due October 1, 1900, in the sum of $553.06 payable at Paul's Valley, I. T., and bearing interest at the rate of 10 per cent. per annum.   Before maturity appellant indorsed the note in blank to appellee for value. The maker of the note failed to pay it at its maturity upon presentment and demand, and thereupon appellee notified the indorser of the nonpayment, and demanded payment of it, which was refused, whereupon action was begun against the indorser to recover on the contract under the indorsement The complaint set forth the facts substantially as stated.   The answer of the appellant denies that due demand was made for payment of Reaves, that it was duly notified of nonpayment, and that payment was demanded of it, and denies that

the note was regularly protested as required by law. The issues thus made were tried by a jury and verdict found for plaintiff (appellee) for $553.06 with interest at 10 per cent. from the date of the note sued upon. Thereupon the court rendered judgment for said sum with interest at 10 per cent. from date of note to maturity and 6 per cent. thereafter, in favor of appellee and against appellant. Motion for new trial was made by appellant, various grounds therefor being set forth. The motion was overruled, and the appellant excepted.

The court gave a number of instructions to the jury, of which complaint is made by the appellant, and refused various instructions asked for by appellant, but the only instructions necessary to be presented are the following, Which appear in the record: This is an action upon a promissory note brought against the indorser of the note by the party who purchased it from the indorser of the note. The note proves itself. The only question at all in this case is the question as to whether the defendant—this Painter Company—were notified at the time of the maturity that the note was not paid. If they received that notice through their manager here at the time that the note fell due that it was not paid, your verdict should be for the plaintiff for the amount of the note and interest or whatever the note provides for. If you are of the opinion that they did not receive that notice at that time, and that they did not have notice of the nonpayment of this note at maturity by the maker of the note, then your verdict should be for the defendant. Gentlemen of the jury, you are further instructed that although you should believe from the evidence that no arrangements regarding the protest was had by and between J. R. Sanford and the Bank of Commerce, yet you are instructed that this being an inland promissory note, it is not necessary to protest the same in order to fix the liability of the indorser, but that a presentment of said note for payment on

the day on which the same was due, to wit, on the third day of grace, and that a subsequent notice to the indorser given upon the same day of the dishonor and nonpayment and refusal of the drawer of said note to pay the same, is sufficient to fix the liability upon the indorser the same as if it had been regularly protested.

The complaint sets forth a good cause of action well pleaded. The material parts of the answer are those which traverse the allegations of the complaint that plaintiff made due presentment and demand upon the maker of the promissory note sued upon at its maturity and that plaintiff gave notice to defendant of presentment, demand, and refusal to pay and demanded payment of defendant after said nonpayment by the maker. This raises a well-defined issue of fact. It was incumbent upon plaintiff to establish by the preponderance of the evidence the existence of these facts: Presentment for payment; demand of payment of the maker of the note at its maturity upon the last day of grace, which was October 4, 1900, and within a reasonable time thereafter notice to defendant of said presentment to, demand and refusal of payment by, maker, and thereupon demand of payment of the defendant according to the terms of the contract of blank indorsement. The jury heard the evidence in support of the complaint and answer, and it found the issues in favor of plaintiff, and that it was entitled to recover the amount appearing, on the face of the note and 10 per cent. interest thereon. In the absence of error of the court upon rulings as to evidence, or instructions to the jury, or a want of evidence to justify the jury in finding its verdict, the judgment should be allowed to stand. The error, if any, upon the part of the court in instructing the jury as to the law of the case, was cured by the instruction asked by plaintiff and appearing as the third in the above statement of facts. The statute fixes the rights and liability of the indorser

of a promissory note, who indorses as payee in blank, being section 464, Carter's Indian Territory Statutes 1899, which reads as follows: "All indorsers or assignors of any instrument in writing assignable by law, for the payment of money alone, on receiving due notice of the nonpayment or protest of any such indorsed or assigned instrument in writing, shall be equally liable with the original maker, obligor or payee of such instrument, and may be sued for the same at the same time with the maker, obligee, or payee thereof, or may be sued separately."

The Supreme Court of Arkansas in construing this section, prior to the date of its adoption in this territory by act of Congress, held that it was necessary to show presentment to maker, refusal to pay, and due notice to assignor. Rogers vs James, 33 Ark. 77. While section 454 of the same Statutes provides that "the remedy on bills of exchange, foreign and inland, and on promissory notes shall be governed by the rules of the law merchant as to days of grace, protest and notice," it does not conflict with section 464, for the reason that a promissory note is not within the rules of the law merchant. No formal protest of a promissory note is required. Young vs Bryan, 6 Wheat. (U. S.) 146, 5 L. Ed. 228; Burk vs McKay, 2 How. (U. S.) 65, 11 L. Ed. 181. It will be observed that the said section 464 is in the alternative, "All indorsers,   *   *   * on receiving notice of nonpayment or protest of any such indorsed or assigned instrument in writing, shall be equally liable with the original maker." The reason for the rule is that the indorser may protect himself against loss by immediately proceeding against the payor of the note for indemnity.

A reading of the evidence contained in the record shows that the jury was authorized to return the verdict that appears therein.

It is contended that the court erred in instructing that the jury, in case it found for plaintiff, it should be for the amount of the note and interest and whatever it provides for.. Concede this was erroneous, yet the jury did not follow it, and returned a verdict for face value of the note and interest at 10 per cent. from date of said note, leaving it for the court to compute it. The court thereupon, conforming to the mode of computation contended for by appellant, rendered judgment accordingly. This error of instruction was then cured, and cannot be further urged.

Under the law and the evidence the judgment is just, and is therefore affirmed.

GILL, C. J., and CLAYTON, J., concur.